488 S.E.2d 453

**STATE of West Virginia, Appellee,**

v.

**Donald K. BISHOP, Appellant.**

No. 23830.

Supreme Court of Appeals of West Virginia.

Submitted April 30, 1997.

Decided May 30, 1997.

Darrell V. McGraw, Jr., Attorney General, Victor S. Woods, Assistant Attorney General, Charleston, for Appellee.

Thomas J. Prall, Weston, for Appellant.

PER CURIAM:

This is an appeal by Donald K. Bishop from an order of the Circuit Court of Lewis County sentencing him to six months in the county jail and fining him $500.00 for driving while his license was revoked for driving under the influence of alcohol. On appeal the defendant claims that he was illegally stopped by a police officer prior to his arrest and that the trial court erred in allowing the admission of evidence procured as a result of that stop. After reviewing the issues raised and the documents filed we do not find that the stop was improper or that the trial court erred in admitting evidence seized as a result of it. As a consequence, the judgment of the Circuit Court of Lewis County is affirmed.

On November 19, 1995, Officer Randall Posey of the Weston Police Department was informed by his dispatcher that the police had received an anonymous call indicating that a "Bishop subject" was driving a small white car while intoxicated.

Officer Posey had talked with the defendant on numerous occasions on the streets of Weston and on such occasions the defendant was intoxicated. After receiving the dispatch relating to the "Bishop subject" driving while intoxicated, Officer Posey concluded that the reference was to the defendant and began patrolling in the vicinity of the defendant's home.

While patrolling, Officer Posey spotted the defendant's white 1984 Chevrolet Chevette heading southbound on Main Street in Weston. Both the Chevette and Officer Posey came to a halt at a four-way stop and at that point the defendant and Officer Posey exchanged eye contact. The defendant then turned right onto Fourth Street.

After the defendant made the turn Officer Posey made a "U" turn and activated his blue flashing lights and began driving in the same direction as the defendant. By the time Officer Posey caught up with the defendant, the defendant had pulled his car to the side of the road, parked it, and was getting out.

Officer Posey approached the defendant and the defendant waived his hands and said "What?" The defendant then leaned against his vehicle and folded his arms. At that point Officer Posey could smell alcohol on the defendant's breath, and Officer Posey asked the defendant if he knew why he was being pulled over. Officer Posey also requested to see the defendant's drivers license, registration and proof of insurance. When the defendant was unable to provide documentation, Officer Posey ran a license check using the defendant's name and date of birth. The license check came back "revoked."

The defendant was subsequently charged with driving under the influence of alcohol(DUI) and driving while his license was revoked for driving under the influence of alcohol.

The case was initially tried in a magistrate court on January 18, 1996. In that trial the defendant was found guilty of driving on a revoked license, but found not guilty of driving while intoxicated. The defendant appealed his conviction to the Circuit Court of Lewis County, and the circuit court conducted a trial *de novo* on March 7, 1996. At the conclusion of that trial the defendant was again found guilty and was sentenced to six months in jail and fined $500.00.

As previously indicated, in the present appeal the defendant claims that the circuit

court erred in admitting evidence obtained as a result of the stop of the defendant when there was no reasonable suspicion upon which Officer Posey legitimately could make the stop.

Prior to the defendant's trial his attorney made an appropriate pre-trial motion to suppress the evidence to which he now objects, and during trial he renewed that motion.

■ Recently in *State v. Stuart,* 192 W.Va. 428, 452 S.E.2d 886 (1994), this Court discussed the circumstances under which an anonymous tip might appropriately serve as part of a body of circumstances justifying the stop of a vehicle. In Syllabus Point 1 of the *Stuart* case the Court stated:

Police officers may stop a vehicle to investigate if they have an articulable reasonable suspicion that the vehicle is subject to seizure or a person in the vehicle has committed, is committing, or is about to commit a crime. To the extent *State v. Meadows,* 170 W.Va. 191, 292 S.E.2d 50 (1982), holds otherwise, it is overruled.

In Syllabus Point 2 of *State v. Stuart,* the Court went on to state:

When evaluating whether or not particular acts establish reasonable suspicion, one must examine the totality of the circumstances, which includes both the quantity and quality of the information known by the police.

Finally, in Syllabus Point 4 the Court stated:

A police officer may rely upon an anonymous call if subsequent police work or other facts support its reliability and, thereby, it is sufficiently corroborated to justify the investigatory stop under the reasonable-suspicion standard.

In the *Stuart* case police officers received a dispatch indicating that a drunk driver was driving a red Mercury Grand Marquis vehicle with a specific license plate number in a certain area of Monongalia County. The police officers went to the area and later observed the defendant driving at an unusually slow rate of speed. They thereupon stopped him and determined that he had been drinking. This Court was asked to determine whether the facts available to the police officers justified the stop. This Court concluded that the facts did, in fact, justify the stop. In so doing the Court noted that the anonymous call, coupled with the police officer's observing the vehicle driving at an unusually slow speed, created sufficient reasonable suspicion to justify the stop.

■ In the present case, as previously indicated, the police officer, Officer Posey, received an anonymous call as did the police officers in the *Stuart* case. The anonymous call in the present case, while not giving the license plate of the vehicle which was the subject of the call, did describe the vehicle with some detail including its color and character and did indicate that it was being driven by a "Bishop subject." Other facts within the knowledge of Officer Posey suggested that the "Bishop subject" was the defendant, Donald Bishop, an individual known to Officer Posey as being one who consumed alcohol on frequent occasions. Specifically Officer Posey testified:

Q [Attorney] And how did you know Donald Bishop?

A [Officer Posey] From numerous occasions, I've seen him on the street and talked with him.

Q Okay. And when you have seen him on the street, has that been in the course of your duties as a police officer?

A Yeah, sometimes.

Q Okay and in what condition have you seen him on the streets?

A He's been intoxicated.

In this Court's view, the fact that the defendant was known by Officer Posey to consume alcohol frequently, coupled with the report that an individual described by the defendant's surname was driving under the influence of alcohol in an area which was the defendant's usual haunt, was sufficient to create a reasonable suspicion on the part of Officer Posey that the defendant was driving under the influence of alcohol and was sufficient to justify a stop of the defendant when Officer Posey saw the defendant driving.

Having reached this conclusion the Court believes that the defendant's assertions in the present appeal are without merit and

that the judgment of the Circuit Court of Lewis County should be affirmed.

The judgment of the Circuit Court of Lewis County is, therefore, affirmed.

Affirmed.